*Gunning & LaFazia,* for defendant.

TOWNS OF BRISTOL, BARRINGTON AND WARREN *vs.* GEORGE W. MICHAEL, *Public Utility Adm'r, et al.*

TOWNS OF BRISTOL, BARRINGTON AND WARREN *vs.* GEORGE W. MICHAEL, *Public Utility Adm'r, et al.*

MARCH 25, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J., These are appeals from two orders of the public utility administrator granting the Bristol County Water Company increased rates for water supplied by it to the towns of Barrington, Warren and Bristol and the inhabitants thereof. Pursuant to the provisions of general laws 1956, §39-5-2, the towns have appealed from such orders. In their petitions of appeal they have alleged several specific reasons therefor. However, in their brief they have compressed such reasons into one general contention which they state as follows: "The company failed to sustain the burden of proof before the administrator as to the necessity for the increased revenues permitted by the administrator."

In support of such contention they argue that the test year 1958 adopted by the company for adjusting expense of operation and projecting revenue requirements was not a fair criterion or standard for measuring the company's need for increased rates. They also argue that other expense adjustments relied on by the company were not proper evidence to prove such need; that the revenue adjustment should have been based on a "normalized year" concerning which they introduced expert evidence; and that the evidence presented by the company of the cost of capi-

tal upon which it based its claim of a fair rate of return was also not proper evidence for such purpose. In effect they concede the company's need for increased revenue, but they deny that the increased rates allowed by the administrator are necessary to provide a fair rate of return on the capital invested.

At the hearing before the administrator the appellants, the company, and the staff of the division of public utilities each set out a rate base. The one suggested by the appellants was substantially adopted by the administator. As to the proper cost of capital the company presented evidence in support of a ratio of 60 per cent debt to 40 per cent equity. The appellants presented no evidence to the contrary, but contended that the existing ratio of 64.11 to 35.89 should continue to prevail in the absence of any program of refinancing by the company, of which there was no evidence. The company countered that it intended to refinance by funding certain short-term indebtedness when it received adequate rate relief. It argued that its need for such relief is related to the existing undesirable debt ratio which they further contended prevented any refinancing program. The administrator agreed with the company on this point and specifically approved a debt ratio of 60 to 40 per cent.

On the bases of such a ratio and the adopted rate base the administrator found that a rate of 5¼ per cent for debt capital and 10 per cent for equity capital would be fair and reasonable. This he pointed out would result in a composite cost of capital of 6.34 per cent which he adjusted upward to 6.40 per cent on the theory that "a fair rate of return should be slightly in excess of the 'bare bones cost' of capital * * *." He then applied this rate of return to the rate base and found the company's revenue requirement to be approximately $650,750. He decided that the rates filed by the company would result in excess of that amount and therefore found them unjust and unreasonable.

He thereupon ordered the company to file a revised schedule of rates that would yield revenue not in excess of $650,-750 annually. This is the first order appealed from.

The company filed such schedule and a second order was issued approving the rates thus filed. The appellants thereupon filed a second appeal on the ground that such rates were grossly excessive in that they amounted to an increase of 48 per cent and would cause immediate and undue hardship for the towns and their inhabitants. It is apparent that this appeal and the appeal from the prior order are based solely upon the ground that each order is contrary to the weight of the evidence bearing upon the revenue requirements of the company.

Such contention can only be valid on condition that the test year of 1958 be normalized as testified by appellants' expert. From our examination of such testimony we have concluded that there is some basis for appellants' claim that 1958 was not a normal year especially with regard to temperature and rainfall, and that perhaps some method of normalizing it such as proposed by the expert conceivably could have produced a fairer test year. However, upon considering the evidence pro and con with reference thereto, the administrator rejected this testimony and expressly found it was not "conclusive enough" to permit the normalizing adjustment for revenues and expenses in the manner proposed.

Without resorting to a detailed description of the expert's testimony in support of a normalized year and the evidence of the company in opposition thereto, suffice it to say that the administrator did not err in deciding not to accept the normalized year. If the test year 1958 did not result in a manifestly unfair and unreasonable rate, the mere fact that the normalization method might have resulted in a fairer and more reasonable rate to appellants is not sufficient ground for judicial interference with the administrative process. That the result reached by that proc-

ess contained infirmities is of no importance if the rate itself is fair and reasonable. *Narragansett Electric Co.* v. *Kennelly,* 88 R. I. 56, 143 A.2d 709.

The rate fixed by the administrator is presumed to be reasonable until the contrary is proved. *Narragansett Electric Co.* v. *Kennelly.* Where as in the case at bar the administrator has rejected the company's filing and fixed the rate himself on substantial evidence, an appellant has the burden of showing by clear and convincing evidence that such rate is unfair and unreasonable. *Town of Jamestown* v. *Kennelly,* 81 R. I. 177.

From our examination of the transcript we are of the opinion that there was substantial evidence on which the administrator's rejection of the appellants' normalized test year could be based. And we are also of the opinion that there was proper evidence on which to base his finding that the company was entitled to a ratio of 60 per cent debt to 40 per cent equity. Therefore we cannot find any basis in law for disturbing the orders appealed from and declaring them null and void as contended by the appellants. In thus upholding the administrator we express no opinion on whether the rates based on a normalized test year would be fairer than those contained in the approved schedule. All that we hold here is that the appellants' evidence fails to show that the approved rates are grossly unfair and unreasonable.

The appeal in each case is denied and dismissed, each order appealed from is sustained, and the records in the cases are ordered to be returned to the public utility administrator.

*John P. Cooney, Jr.,* for appellants.

*Roberts & Coffey, John G. Coffey,* for Bristol County Water Company.